# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**NATNAEL WORKU BELAY, # A249122004**                    **PETITIONER**

**VERSUS**                    **CIVIL ACTION NO. 5:26cv145-DCB-BWR**

**UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT**                    **RESPONDENT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*.   *Pro se* Petitioner Natnael Worku Belay filed this Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2241.   He is an alien detainee in the custody of the Department of Homeland Security, currently housed in the Adams County Correctional Center in Natchez, Mississippi.   The Court has considered and liberally construed the pleadings.   As set forth below, this case is dismissed.

On February 18, 2026, Petitioner filed the instant habeas Petition in the United States District Court for the Western District of Louisiana, challenging his detention.   That court transferred the case to this Court on March 6.   Petitioner maintains that he has been in custody since November 24, 2024 and was ordered removed on June 6, 2025.   He alleges that he has cooperated with authorities in order to affect his removal.   He asks this Court to release him from detention.

This is not the first time Petitioner has raised the identical clams.   On February 18, 2026, he had filed another habeas action in the Western District of Louisiana.   It transferred that case to this Court on February 24.   The first case is styled, *Belay v. Escalante*, civil action number 5:26cv93 ("*Escalante*").   It was served on Respondent on March 31 and is still pending before the undersigned.

A civil action, including a habeas action, may be dismissed if it is duplicative of another action pending in the same court.   *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985).   *See also*, *Norwood v. United States*, 235 F. App'x 231, 231 (5th Cir. July 24, 2007) (habeas) (citing *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *Williams v. Thaler*, No. 3-12-cv-2667-M-BD, 2012 U.S. Dist. LEXIS 135780 at *1-2 (N.D. Tex. Aug. 30, 2012) (habeas).   Because the instant Petition challenges the same detention by the Department of Homeland Security and is based on the same facts as the pending case of *Escalante*, the instant case will be dismissed as duplicative.   It is therefore dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby **DISMISSED WITHOUT PREJUDICE**.   A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the   2nd   day of   June , 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

2